UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HERNANDEZ
o/b/o CINDY GOTAY (DECEASED),

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 18-10194
District Judge Victoria A. Roberts
Magistrate Judge R. Steven Whalen

**ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. #22); GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. #13); DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. #18)**

**I. INTRODUCTION**

Mr. Joseph Hernandez appeals the Commissioner of Social Security's decision to deny supplemental security income and disability insurance benefits on behalf on his deceased mother, Cindy Gotay.

The parties filed cross motions for summary judgment. The Court referred those motions to Magistrate Judge R. Steven Whalen. Magistrate Judge Whalen filed a Report and Recommendation ("R&R"). In the R&R, he recommends the Court grant Plaintiff's Motion and remand the case to the administrative level for further proceedings and deny Defendant's Motion. Defendant timely objected. The objections are fully briefed.

The Court **ADOPTS** the Report and Recommendation. Plaintiff's Motion for Summary Judgment is **GRANTED**; Defendant's Motion is **DENIED.**

1

## II. DISCUSSION

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

After careful review of the cross-motions for summary judgment, the R&R, Defendant's objections, and the record, the Court agrees with Magistrate Judge Whalen's recommendation.

### A. Defendant's First Objection is Rejected

In its first objection, Defendant says the ALJ more than satisfied the obligations set by the Sixth Circuit for considering Nurse Rodney's "other source" opinion, and the ALJ did not misstate the record in his assessment. Defendant is incorrect.

The parties do not dispute that Nurse Rodney, a nurse practitioner, is an "other source," rather than an "acceptable medical source." Only acceptable medical sources can be considered treating sources, whose medical opinions may be entitled to controlling weight. SSR 06-03P, 2006 WL 2329939. However, other sources, including nurse practitioners, can be used as evidence to show the severity of the individual's impairment(s) and how it affects the ability to function. *Id.* at 2. "The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case." *Id.* at 5.

2

Opinions from an other source, i.e. a nurse practitioner, may be given more weight by the ALJ if the source has seen the individual more often than a treating source, and if the source has provided better supporting evidence and a better explanation for their opinion. *Id.*

SSR 06-03P explicitly provides:

> Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources," these same factors can be applied to opinion evidence from "other sources." These factors include:
>
> - How long the source has known and how frequently the source has seen the individual;
> - How consistent the opinion is with other evidence;
> - The degree to which the source presents relevant evidence to support an opinion;
> - How well the source explains the opinion;
> - Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
> - Any other factors that tend to support or refute the opinion.

*Id.* at 4-5; see also *Williamson v. Comm'r of Soc. Sec.,* 2016 WL 255033, at *8 (S.D. Ohio, Jan. 20, 2016) (citing 20 C.F.R. § 404.1527(c)).

SSR 06-03P held the case record should "reflect the consideration of opinions from medical sources who are not 'acceptable medical sources'…the adjudicator generally should explain the weight given to opinions…or otherwise ensure that the discussion of evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions have an effect on the outcome of the case." *Id.* at 6. See also *Williamson v. Comm'r of Soc. Sec.,* 2016 WL 255033, at *8 (S.D. Ohio, Jan. 20, 2016); 20 C.F.R. § 404.1527(c).

The ALJ acknowledged Nurse Rodney's assessment, but gave it "little weight" and ultimately rejected it for two reasons. The ALJ found that: (1) Nurse Rodney's finding of "manipulative restrictions" was unsupported by the medical evidence of the record (Tr. 23); and (2) Nurse Rodney found Claimant required environmental restrictions regarding exposure to airborne and pollutants/hazards, but the record did not support "any" respiratory limitations. (Tr. 23).

Nurse Jillian Rodney is a nurse practitioner who had been treating Claimant every one to two months beginning in June 2015 for the diagnoses of gastroesophageal reflux disease, hiatal hernia, heart attack, obstructive sleep apnea, and claudication. (Tr. 738). Nurse Rodney completed a "treating source statement" in March 2017 regarding Claimant's physical conditions. (Tr. 738).

In her assessment, she opined Claimant would be off task for more than 25% of a typical work day. *Id.* Assuming she would work full time, Claimant would likely be absent from work two days per month as a result of her impairments and/or treatment. *Id.* She found Claimant could lift up to 20 pounds occasionally but was limited to carrying less than 10 pounds. (Tr. 739). She found Claimant could sit, stand, or walk for up to four hours a day and required a sit/stand option. *Id.* She found Claimant could perform manipulative activity and use her feet on a frequent basis. (Tr. 740). She found Claimant could occasionally kneel, climb stairs, and ramps, but could rarely climb ladders and scaffolds, balance, stoop, or crouch. *Id.* She could never crawl. (Tr. 740). Regarding environmental limitations, she restricted Claimant from unprotected heights, moving mechanical parts, humidity and wetness, and vibrations. She found Claimant could occasionally operate a vehicle, handle dust, odors, fumes, and pulmonary irritants, and extreme cold and heat. (Tr. 741).

4

Nurse Rodney opined Claimant's symptoms and limitations first appeared on June 6, 2015 and opined within a reasonable degree of medical certainty that her symptoms and limitations would last at least 12 months. (Tr. 738).

### 1. The ALJ Did Not Give Sufficient Rationale For Rejecting Nurse Rodney's Assessment.

Defendant relies in part on *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532 (6th Cir. 2007) and says the ALJ met his obligation because he was only required to consider Nurse Rodney's "other source" opinion and provide some basis for the weight afforded. However, *Cruse* cites SSR 06-03p, 2006 WL 2329939, which imposes an obligation greater than that. It says that "opinions from these medical sources who are not technically deemed 'acceptable medical sources,' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other evidence in the file." The ALJ did not follow this evaluative protocol.

The ALJ, in part, said the following of Nurse Rodney's assessment: "I give this assessment little weight as it is not supported by the medical evidence of record." (Tr. 23). The ALJ did not expressly acknowledge Nurse Rodney as an "other source," and did not acknowledge the nature of the professional relationship between Claimant and Nurse Rodney. Nor did the ALJ address any of the others factors in 20 CFR 404.1527(d) and 416.927(d).

As Plaintiff persuasively argues, the ALJ gave no indication of the consideration he gave to the assessment, or to the fact that Nurse Rodney was the only source to have offered a function-by-function assessment.

A remand for further proceedings is appropriate so that the ALJ the opportunity to provide sufficient analysis consistent with SSR 06-03p, 2006 WL 2329939.

## 2. The ALJ Misstated the Record When He Said The Record Does Not Support "Any" Respiratory Limitations.

Nurse Rodney found that Claimant required environmental restrictions regarding exposure to airborne and pollutants/hazards. The ALJ rejected this finding because "the record does not support *any* respiratory limitations." (Tr. 23) (emphasis added).

This is a misrepresentation. As Magistrate Judge Whalen noted, a February 2015 chest x-ray showed "pulmonary hyper-extension related to underlying COPD" and a diagnosis of "obstructive chronic bronchitis with exacerbation" (Tr. 439). While Claimant did report in February 2015 that she had "no lung problems that she [was] aware of," treatment records from October and November 2016 noted a prescription for an albuterol inhaler. (Tr. 581-580). The ALJ made no mention of either diagnosis or her inhaler prescription.

Defendant criticizes Magistrate Judge Whalen's mention of the bronchitis diagnosis but does not mention the underlying COPD. Magistrate Judge Whalen did not err in recommending a remand based on the ALJ's misstatement of the record.

### B. Defendant's Second Objection is Rejected

Defendant says the ALJ properly evaluated psychological opinion evidence and was not required to re-contact Nurse Olson regarding her inconsistent "other source" opinion.

Nurse Karen Olson is a nurse practitioner who began treating Claimant on February 12, 2015 for major depressive disorder, anxiety, and an alcohol disorder. (Tr. 694). She noted Claimant's symptoms included depressed and anxious moods, alcohol abuse, excessive drowsiness, and restless sleep. (Tr. 694, 695). She noted Claimant's symptoms began in December 2013. (Tr. 694).

Nurse Olson found mild limitation in the ability to understand, remember, or apply information and no limitation in the ability to interact with others or with concentration. (Tr. 696). She later contradicts herself, finding Claimant is unable to concentrate for more than 30 minutes without redirection or a break. (Tr. 697). She further contradicted herself and found Claimant would be off task more than 25% of the workday and would likely miss more than four days of work each month. (Tr. 698). She found moderate limitations in adaptability. (Tr. 696). She found no limitation in long-term memory, mild limitation in short-term memory, and no limitation in understanding, remembering, or carrying out instructions, but contradicted herself again by noting that Claimant "stopped taking Topomax [but] did not remember why." (Tr. 697).

Defendant relies on *Martin v. Comm'r of Soc. Sec.,* 658 F. App'x 255 (6th Cir. 2016) to say the internal inconsistency of an opinion is an independent basis on which an ALJ may properly reject even a treating source's opinion. However, in *Martin,* the ALJ considered the length, nature, and extent of the treatment relationship. The ALJ here did not expressly do so. As with Nurse Rodney, it is not clear from the ALJ's decision that the factors set forth in 20 C.F.R. § 404.1527(c) were considered, i.e. "how long the source has known the individual, how frequently the source has seen the individual, how consistent the opinion of the source is with other evidence, how well the source explains the opinion, and whether the source has a specialty or area of expertise related to the individual's impairment." *Williamson v. Comm'r of Soc. Sec.,* 2016 WL 255033, at *8 (S.D. Ohio, Jan. 20, 2016) (citing 20 C.F.R. § 404.1527(c)).

Without the express consideration of these factors, the Court cannot say there is a sufficient independent basis to reject Nurse Olson's opinion without further inquiry.

7

Plaintiff also says the ALJ failed to acknowledge or discuss that Nurse Rodney and Nurse Olson's opinions are consistent with each other, and instead considered them in isolation without acknowledging the "consistency factor" required by the regulations. For example, both found Claimant would be off task more than 25% of the typical work day. Defendant says this is irrelevant, as Nurse Olson's opinion is not supported by her underlying treatment notes. However, the consistency factor considers "how consistent the opinion is with other evidence." SSR 06-03P, 2006 WL 2329939 (citing 20 CFR 404.1527(d) and 416.927(d)). Plaintiff is correct that the ALJ should have compared the two assessments.

Given the ALJ's misstatement of the record regarding Nurse Rodney's report, and that Nurse Olson's assessment is one of only two opinions on Claimant's physical and mental status, it is proper for the ALJ to recontact Nurse Olson for an appropriate inquiry. *Cullin v. Comm'r of Soc. Sec.,* 2013 WL 951068 at *8 (E.D. Mich. January 25, 2013) (citing *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001).

### III. CONCLUSION

The Court **ADOPTS** the Report and Recommendation. Plaintiff's Motion for Summary Judgment is **GRANTED.** The case is remanded to the administrative level for further proceedings and Defendant's Motion is **DENIED.**

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: March 29, 2019